(114 So. 566)
### SHAW v. STATE.    (1 Div. 747.)

Court of Appeals of Alabama.   Nov. 29, 1927.

BRICKEN, P. J.   From a judgment of conviction for the offense of distilling, making, or manufacturing alcoholic, spirituous, malted, or mixed liquors or beverages, a part of which was alcohol, the defendant appeals. An indeterminate term of imprisonment in the penitentiary was imposed as the law requires.

The appeal here is upon the record proper. There is no bill of exceptions. As the record appears regular in all things, and no error apparent, the judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.

(114 So. 567)
### WILLIAMS v. STATE.    (1 Div. 758.)

Court of Appeals of Alabama.   Nov. 29, 1927.

Joe M. Pelham, Jr., of Chatom, for appellant.

Charlie C. McCall, Atty. Gen., and J. W. Brassell, Asst. Atty. Gen., for the State.

RICE, J.   This was a prosecution, purporting to be begun by indictment, for the offense of distilling prohibited liquors, or for unlawfully having in possession a still, etc.

The record presents no evidence that the indictment upon which the defendant was tried was regularly and legally returned into court. It is not shown to be a valid indictment, in that it is not shown to have been indorsed "a true bill," nor does it appear to have been signed by the foreman of the grand jury. Code 1923, § 8682; Bilbo v. State, 1 Ala. App. 74, 55 So. 927.

We can do nothing but reverse the judgment of conviction.

Reversed and remanded.

(114 So. 567)
### DAVIS v. STATE.    (5 Div. 680.)

Court of Appeals of Alabama.   Nov. 29, 1927.

BRICKEN, P. J.   This appellant was, on the 8th day of April, 1927, convicted of the offense of murder in the second degree, and was duly sentenced to 20 years' imprisonment in the penitentiary. On that day he took an appeal to this court. Said appeal has never been perfected; the cause here being upon certificate only which was filed in this court on May 26, 1927. The cause is submitted upon motion of the state to dismiss the appeal. Under the status mentioned the motion must prevail.

The appeal is dismissed.